No. 109

TRUMBULL LUMBER CO v. WARREN CARTAGE & COAL CO.

Ohio Appeals, 7th Dist., Trumbull County

Decided Sept. 28, 1923

1028. SALES—Principles of certain former decisions not abrogated by the Sales Act.

FARR, J.

### Epitomized Opinion

First Publication of this Opinion

By the terms of a written contract the lumber company was to sell a quantity of lumber to the coal company for $3,470 f. o. b. the siding of the coal company, the latter to pay $1,470 "upon arrival of the timbers" and to pay the balance within six months to be evi-

## STATE COURT OF APPEALS

denced by promissory notes. The lumber was delivered to the siding of the coal company, where it was unloaded to avoid demurrage. No payment was made or not given. Later a receiver was appointed for the coal company, who brought this action in replevin to obtain the right of possession of the lumber for the benefit of creditors. In the Common Pleas the receiver was awarded judgment. The lumber company prosecuted error. Held:

By 82 OS. 278 and 33 OS. 67 (decided before the passage of the Sales Act) in sales of chattels for payment on delivery, delivery and payment are concurrent acts, a delivery without payment is conditional and the property does not pass until payment is made.

By the Sales Act, at 8399 GC., when unascertained goods are unconditionally appropriated to the contract the property passes to the buyer; and delivery to the buyer or to a carrier for transmission to the buyer is presumed to be such unconditional appropriation and the presumpton is applicable even if the contract requires payment before delivery.

In this case there was not an "unconditional appropriation" of the goods by the consignment of the goods or by delivery to the carrier for the purchaser; no bill of lading with draft was attached. By the contract payment was to be made upon the "arrival," not on delivery of the timbers, indicating a purpose to withhold delivery until the conditions of the contract had been met. The principles of the foregoing decisions are applicable. The Sales Act did not abrogate them. Reversed and remanded.

**Attorneys**—Buchwalter & Clark, for the Lumber Company; G. H. Birrel, for the Coal Company.